IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MONTÉ DESHAWN TAYLOR, ) | |
|     Petitioner, ) | Civil Action No. 7:22cv00230 |
| ) | |
| v. ) | **ORDER** |
| ) | |
| HAROLD W. CLARKE, ) | By:  Joel C. Hoppe |
|     Respondent. ) | United States Magistrate Judge |

    Monté Deshawn Taylor, a Virginia inmate proceeding *pro se*, has filed a motion for stay and abeyance of his habeas corpus petition, filed pursuant to 28 U.S.C. § 2254.  In support of his request, Taylor argues that he needs time to exhaust his issues in state court.  However, as indicated in the exhibits attached to his petition, the Supreme Court of Virginia dismissed his state petition for a writ of habeas corpus on March 11, 2022.  (ECF No. 1-2 at 3.)  Because the judgment order against him was entered July 29, 2019, and his direct appeal ended on December 16, 2020, when the Supreme Court of Virginia refused his petition for appeal, the statute of limitations for filing a habeas petition in Virginia expired on December 16, 2021.  Va. Code § 8.01-654(A)(2).  Further, Virginia law does not permit second or subsequent habeas petitions when based upon facts that were known to the petitioner when he filed his first petition.  Va. Code § 18.2-654(B)(2).  Accordingly, staying the case would be an exercise in futility, because it is too late for petitioner to exhaust claims in state court.

    Although unexhausted claims that can no longer be brought in state court are considered procedurally defaulted, *Bassette v. Thompson*, 915 F.2d 932, 936–37 (4th Cir. 1990), the federal habeas court can consider such defaulted claims upon a showing of good cause for default and actual prejudice resulting from the claimed constitutional violation.  Taylor may therefore proceed with his habeas petition, or in the alternative, Taylor can move to withdraw his petition

without prejudice so that any future claims he may wish to bring under 28 U.S.C. § 2254 will not be considered successive and dismissed under 28 U.S.C § 2244(b).

    For the reasons stated herein, the motion for stay and abeyance (ECF No. 2) is **DENIED.**

ENTER: May 17, 2022

/s/ Joel C. Hoppe  
United States Magistrate Judge